IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-227-D

| | |
|---|---|
| TERRY YOUNGKIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM AND RECOMMENDATION** |

In this action, plaintiff Terry Youngkin ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that he is not disabled.[1] The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 38, 40). Both parties filed memoranda in support of their respective motions (D.E. 39, 41) and plaintiff filed a reply (D.E. 45). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.E. 42). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

---

[1] The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, *et seq.* and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, *et seq.* and 20 C.F.R. pt. 416.

# I. BACKGROUND

## A. Case History

Plaintiff filed applications for DIB and SSI on 7 January 2009, alleging a disability onset date of 6 December 2008. Transcript of Proceedings ("Tr.") 17. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 17. On 22 April 2010, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 27-65. In a written decision dated 23 June 2010, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB or SSI. Tr. 17-22. Plaintiff timely requested review by the Appeals Council. Tr. 5-13. The Appeals Council denied the request for review on 10 March 2011. Tr. 1-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 9 May 2011, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* Mot. (D.E. 1); Order Allowing Mot. (D.E. 2); Compl. (D.E. 3)).

## B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see* 42 U.S.C. §

1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

3
Case 5:11-cv-00227-D   Document 46   Filed 08/27/12   Page 3 of 12

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

C.  **Findings of the ALJ**

Plaintiff was 52 years old on the alleged onset date of disability and 54 years old on the date of the administrative hearing. Tr. 32, 35. He has a high school education and one year of community college, and past work as a cook and restaurant manager. Tr. 21 ¶ 6; 32, 37.

Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 19 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: chronic obstructive pulmonary disease ("COPD") with a history of pneumothorax (*i.e.*, collapsed lung); and a left-hand deformity. Tr. 19 ¶ 3; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. Tr. 19 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform medium work,[1] and is limited to frequent, but not constant use of his left hand for fine or gross manipulation and no use of the left hand for overhead reaching. Tr. 20 ¶ 5. Based on this RFC, the ALJ found at step

---

[1] For the definition of medium work, *see* 20 C.F.R. §§ 404.1567(c), 416.967(c); *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "Medium Work." The DOT is available at http://www.oalj.dol.gov/libdot.htm (last visited 27 Aug. 2012). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.*

4
Case 5:11-cv-00227-D   Document 46   Filed 08/27/12   Page 4 of 12

four that plaintiff was capable of performing his past relevant work as a cook and restaurant manager. Tr. 21 ¶ 6. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 22 ¶ 7.

## II. DISCUSSION

### A.  Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Plaintiff's Contentions

Plaintiff alleges reversible error in the ALJ's evaluation of the opinions of one of plaintiff's treating physicians and a consulting examining physician; consideration of plaintiff's efforts to find work; RFC determination; determination on plaintiff's ability to perform past relevant work; and consideration of the grid rules. Plaintiff also challenges the Appeals Council's consideration of this case. The court agrees with plaintiff that remand is required albeit not on precisely the same grounds.

### C. Failure to Adequately Explain Decision

The fundamental problem with the ALJ's decision is that he has failed to adequately explain the basis for his ruling. The deficiency relates primarily to the medical evidence.

Plaintiff was hospitalized for pneumonia starting on 6 December 2008, the alleged onset date of his disability. Tr. 244-45. He remained in the hospital for about a month. *See* Tr. 242. His treatment included surgical removal of a portion of his left lung. Tr. 242, 246-48.

The key post-hospitalization evidence in the case, which is sparse, includes a medical examination by state agency consulting physician Gonzalo A. Fernandez, M.D. on 6 March 2009. Tr. 349-52. In his report, Dr. Fernandez opined that plaintiff "should be able to stand and walk perhaps up to 4 hours with frequent breaks limited by shortness of breath" and that "[t]his

6
Case 5:11-cv-00227-D   Document 46   Filed 08/27/12   Page 6 of 12

may continue to improve as he continues to heal." Tr. 351. He also recognized certain limitations in other functional areas. Tr. 352.

Additionally, there is a physical RFC assessment by state agency consulting physician Sankar Kumar, M.D. dated 17 March 2009 (and affirmed in April 2009), but evaluating plaintiff's projected condition some nine months later on 6 December 2009, one year after the alleged onset of disability. Tr. 353-61. In his assessment, Dr. Kumar projected that by 6 December 2009, plaintiff would have the capacity to perform medium work and specifically to stand and/or walk for six hours in an eight-hour workday with normal breaks, subject to certain limitations in other areas. Tr. 354, 356, 357. Dr. Kumar stated that he gave "great weight" to Dr. Fernandez's opinion, while recognizing that plaintiff's condition was subject to improvement. Tr. 359.

The key evidence also includes a medical source statement dated 14 December 2009 by primary care physician Gary N. Greenberg, M.D., who treated plaintiff from June to December 2009. Tr. 416-20. The statement indicates a diagnosis of COPD for plaintiff. Tr. 416. It also indicates that plaintiff can stand for four hours in a workday subject to various limitations. Tr. 419.

In addition, there is a report on a pulmonary function test on 30 December 2009 apparently ordered by Dr. Greenberg. Tr. 422. It states that plaintiff's "lung mechanics reveal moderate airway obstruction" and that his "pulmonary function pattern is most consistent with obstructive lung disease." Tr. 422. This appears to be the only pulmonary function test of record.

The ALJ, of course, had an obligation to make clear generally the weight he accorded material evidence. *E.g., Derrickson v. Astrue*, No. 2:11cv508, 2012 WL 3555502, at *14 (E.D.

Va. 29 Jun. 2012) (mag. judge's rep. & recommendation) ("An ALJ's opinion must explain both the weight assigned to treating and non-treating physicians' opinions and consider all of the evidence on record in making his decision."), *aff'd and adopted*, 2012 WL 3561853 (16 Aug. 2012); *Padgett v. Astrue*, No. 7:11–CV–105–FL, 2012 WL 1884700, at *4 (E.D.N.C. 2 May 2012) (mag. judge's rep. & recommendation) ("Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision."), *aff'd and adopted*, 2012 WL 1884696 (23 May 2012). There are also well-established rules regarding the weight to be accorded medical opinion evidence and the ALJ's duty to explain such weight.

Specifically, the Regulations provide that opinions of treating physicians on the nature and severity of impairments are to be accorded controlling weight if they are well supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)[2]; *see Craig*, 76 F.3d at 590; *Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996); Soc. Sec. R. 96-2p, 1996 WL 374188, at *2 (2 July 1996). The reason is that the treating sources are likely to be those "most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the medical opinions of the treating source are not given controlling weight, the Regulations prescribe factors to be considered in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, their consistency with the record, and any specialization of the provider. *Id.* §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6). Of particular significance for present purposes, an ALJ's decision "must

---

[2] Citation is to the version of the regulation in effect at the time the ALJ issued his decision, 23 June 2010.

contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5; *see* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

Similarly, the opinions of physicians who examine a claimant are generally entitled to more weight than those of physicians who did not perform an examination. *See* 20 C.F.R. §§ 404.1527(d)(1), (2), 416.927(d)(1), (2); Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2 (2 July 1996). The weight ultimately attributed to medical opinions of nonexamining sources depends on the same factors, to the extent applicable, used to evaluate the medical opinions of treating sources. 20 C.F.R. §§ 404.1527(f), 416.927(f). In addition, if applicable, the status of the nonexamining source as a state agency medical consultant or medical expert used by the Commissioner is to be considered. *Id.* Significantly, unless the treating source's medical opinions are given controlling weight, the ALJ must explain in his decision the weight given to the opinions of nonexamining sources as he must do for treating source opinions. *Id.* §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2. Opinions from medical sources on the ultimate issue of disability and other issues reserved to the Commissioner are not entitled to any special weight based on their source. *See id.* §§ 404.1527(e), 416.927(e); Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *2, *5 (2 July 1996).

Here, the ALJ did not live up to these requirements. In his decision, he summarizes the evaluation by Dr. Fernandez, but does not state the weight he gave this evidence, including specifically Dr. Fernandez's opinion that plaintiff could stand and walk for possibly up to four hours with frequent breaks, subject to possible improvement over time. *See* Tr. 20-21 ¶ 5. The
9

<a>
</a>

ALJ does not mention at all the RFC assessment by Dr. Kumar. It is possible that the ALJ adopted Dr. Kumar's projection that plaintiff would be able to stand and/or walk six hours in a workday since the ALJ found plaintiff able to stand and/or walk for up to eight hours in a workday. It is also possible that since Dr. Kumar gave "great weight" to Dr. Fernandez's opinion the ALJ did so as well. But it is not the court's role to engage in such multi-layered speculation about the reasons for the ALJ's decision. It is the ALJ's job to make them clear.

In his decision, the ALJ states that he gave "no weight"—not a little weight or just some weight, but "no weight"—to Dr. Greenberg's opinion regarding plaintiff's functional capacity, including his ability to stand for only four hours during a workday. The ALJ does so even though his finding that COPD is a severe impairment for plaintiff shows that he agreed with Dr. Greenberg's diagnosis of COPD, which is supported by the pulmonary function test. The ALJ thereby rejects entirely the assessment of the only physician among those in issue who actually saw plaintiff after March 2009. (Dr. Kumar, of course, never saw plaintiff.) In lieu of this assessment, the ALJ's decision had the effect of crediting the mere projections by Dr. Fernandez and Dr. Kumar some nine months before Dr. Greenberg's assessment.

Moreover, as indicated, the capacity the ALJ determined plaintiff to have went beyond that predicted by Dr. Kumar. While Dr. Kumar projected plaintiff to have the ability to stand and/or walk for six hours with normal breaks, the ALJ found plaintiff able to stand and/or walk for all eight hours with no breaks. In addition, this capacity level far exceeds that Dr. Fernandez found plaintiff to have in March 2009, namely, standing and walking for possibly up to only four hours with frequent breaks. Dr. Fernandez nowhere indicates the degree of improvement in capacity plaintiff could experience, including improvement of this magnitude, or even whether improvement was certain. Again, he stated that plaintiff's capacity to stand and walk *"may*

continue to improve as he continues to heal." Tr. 351. No physician of record opines that plaintiff would reach the capacity level the ALJ determined him to have. The ALJ did not adequately explain this seeming paradox of effectively crediting and, indeed, exceeding projections of improvement in a claimant's condition in the RFC determination over evidence of what the claimant's condition actually was.

To be sure, the ALJ does offer explanations for his rejection of Dr. Greenberg's opinion, but they are not adequate to explain his handling of this body of evidence. For example, he says that he rejected Dr. Greenberg's opinion because he treated plaintiff for only a brief period, only six months. Tr. 21 ¶ 5. But Dr. Fernandez never treated plaintiff and Dr. Greenberg saw him at least twice the number of times Dr. Fernandez did.[3] Again, Dr. Kumar never saw plaintiff.

The ALJ also justifies his complete rejection of Dr. Greenberg's opinion by stating that it lacks support in the diagnostic findings and the record as a whole. It is not clear, though, which findings are lacking since Dr. Greenberg did include some findings in his medical source statement (*see* Tr. 416) and, of course, there is the finding of moderate airway obstruction in the pulmonary function test.[4] Similarly, the reference to the record as a whole is not particularly illuminating since the ALJ does not identify the specific evidence to which he refers.

An ALJ is required to "to build an accurate and logical bridge from the evidence to [his] conclusions so that [the court] may afford the claimant meaningful review of the [Commissioner's] ultimate findings." *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Here, the ALJ failed to do so. Although the court has focused on the evidence regarding plaintiff's ability to stand and/or walk, it emphasizes that the need for the ALJ to make

---

[3] The record contains treatment notes and x-ray reports on two office visits by plaintiff with Dr. Greenberg, on 20 July 2009 (Tr. 398, 363 (x-ray rep.), 401 (same)) and 20 October 2009 (Tr. 402, 403 (x-ray rep.), 404 (same)).

[4] Notably, the report of a chest CT scan on 22 December 2008 stated as a diagnostic impression that plaintiff had only "mild" COPD. Tr. 285.

11

his analysis clear extends to the other elements of plaintiff's RFC, including his ability to lift and carry objects, and environmental and other limitations,[5] and to all other material evidence. This case should accordingly be remanded for further proceedings. In light of this recommended disposition, the court need not address the issues raised by plaintiff not discussed herein and declines to do so.

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion for judgment on the pleadings be ALLOWED, the Commissioner's motion for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 4 September 2012 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections must be filed within 7 days after service thereof, but in no event later than 11 September 2012.

This, the 27th day of August 2012.

James E. Gates
United States Magistrate Judge

---

[5] The ALJ found plaintiff to able to lift and carry a greater weight than Dr. Greenberg (*compare* Tr. 20 ¶ 5 *with* Tr. 419) and not to require avoidance of exposure to fumes and similar airborne contaminants unlike Dr. Kumar and Dr. Greenberg (*compare* Tr. 20 ¶ 5 *with* Tr. 357 and 419).